IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RW TRAYLOR,<br>      PLAINTIFF,<br><br>V.<br><br>WALMART, ET AL.,<br>      DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CASE NO. 3:24-CV-2928-L-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States Magistrate Judge for pretrial management.  Before the Court is Defendant Wal-Mart Stores Texas, L.L.C.'s *Motion to Dismiss for Want of Prosecution*, Doc. 14, for findings of fact and a recommended disposition.  Upon review, the Motion should be **DENIED**.

## I. BACKGROUND

This is a personal injury lawsuit.  Plaintiff RW Traylor, originally proceeding *pro se*, sued Wal-Mart Stores Texas, L.L.C. ("Walmart") and an unknown Walmart employee in Texas state court for injuries allegedly sustained at a Walmart store.  Walmart subsequently removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a).  Doc. 1.

After removal, the District Clerk issued a *Notice and Instruction to a Pro Se Party* advising Traylor of the requirement to register for electronic filing. Doc. 4.  After Traylor failed to register for electronic filing, the Court issued two separate admonishments, reminding Traylor of his obligations and setting a deadline to comply.  Docs. 5, 9.  Traylor failed to meet either deadline and the Court *sua sponte* issued a third admonishment ordering Traylor to register for

electronic filing and update his mailing address, and warned that failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).  Doc. 12.  Traylor subsequently complied.  *See* Doc. 13.

Walmart now moves to dismiss Traylor's claims with prejudice under Federal Rule of Civil Procedure 41(b).  Doc. 14.  Traylor, who is now represented by counsel, has filed a Response, Doc. 17, and Walmart filed a Reply, Doc. 18.

## II. APPLICABLE LAW

Under Federal Rule of Civil Procedure 41(b), a district court may, on a defendant's motion, dismiss an action for failure to prosecute or comply with any court order.  *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997).  When warranted, dismissal for want of prosecution "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626).  The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (cleaned up).

## III. ANALYSIS

The Court's docket sheet supports Walmart's assertion that Traylor did not engage in this case for nearly a year.  *See* Doc. 15.  Since Walmart filed its motion, however, Traylor has

retained counsel, responded, and participated in the litigation.  *See* Docs. 17, 19, 20, 21.  And while now moot, after the Court's October 2025 admonishment, Traylor complied with the Court's Order to register for electronic filing and update his mailing address.  Docs. 12, 13. Further, it does not appear that Traylor has missed any deadlines that prejudice Walmart, and there is no indication that the defendants, who have not been served, would be prejudiced.  *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Traylor is once again reminded that he must adhere to all deadlines and cooperate in any discovery proceedings.  However, at this stage, the Court does not find that dismissal for want of prosecution is warranted or in the interest of justice.

## IV. CONCLUSION

For the foregoing reasons, Defendant Walmart's *Motion to Dismiss for Want of Prosecution*, Doc. 14, should be **DENIED**.

**SO RECOMMENDED** on May 21, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).